

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. O-4074
Re: Would the county be authorized
under the law to rent a type-
writer or to purchase inciden-
tals, such as stamps, etc., for
the local board carrying on
tire rationing and sugar ration-
ing work, or should this expense
be borne by the office of the
State Tire Rationing Administra-
tor?

Your letter requesting the opinion of this department
on the above stated question reads in part as follows:

"On January 1st 1942, Honorable Coke R. Ste-
venson, Governor of the State of Texas, wrote a
joint letter to the County Judges and the Mayors
of incorporated towns in Texas, explaining in de-
tail instructions for tire rationing which had
been furnished him from the Office of Price Ad-
ministration, suggesting that local board will be
selected at a joint conference of the County Judge
and the Mayors of all incorporated cities within
the county, acting in their capacities as county
and municipal defense coordinators, and in res-
ponse to this letter and at the special request of
the Governor, a meeting of the Harrison County
Coordinators of Civilian Defense was held and a
board appointed to act and to be known as the
Harrison County Tire Rationing Board, composed of
three members, with one of their number acting
as chairman. A copy of the letter from the Gover-
nor is enclosed herewith for your guidance and help
in answering my inquiry.

"This local tire rationing board, which is also now in charge of the sugar rationing, has an office and as I understand a secretary has been sent in to help with their work. In carrying on this work by this local board, it is necessary that said Board have a typewriter and some office supplies, such as stamps and some incidentals to carry on their work.

"Would the County be authorized under the law to rent a typewriter, or to purchase incidentals, such as stamps, etc., for this local board in carrying on this tire rationing and sugar rationing work, or should this expense be borne by the office of the State Tire Rationing Administrator, Austin, who I understand is Honorable Mark McGee?"

The joint letter mentioned in your inquiry states in part:

"Local Tire Rationing Boards will be supplied with letterheads, stationery, report forms, application blanks, certificates and instructions from Washington. Office space, equipment, and such necessary clerical help as will be needed must be supplied locally."

We have carefully considered your request and find no authority whatsoever authorizing the Commissioners' Court to expend county funds for any of the above mentioned purposes. We also fail to find any provision of law providing that the above mentioned expenses are to be borne by the office of the State Tire Rationing Administrator. No salaries or funds of any kind have been provided for the administration of the act regarding tire rationing or the act regarding sugar rationing.

Therefore, in the absence of any statute authorizing the expenditure of county funds for the purposes above mentioned and in the absence of any law providing that such expenses be borne by the office of the State Tire Rationing Administrator it is our opinion that such expenses cannot be paid by either of them.

Honorable Charles R. Martin, Page 3

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED APR 8, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By Ardell Williams

Ardell Williams
Assistant

AW:GO



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN